IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANDREW LUCAS**                                                                                         **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:16-CV-10-KS-MTP**

**S. LAVON EVANS, JR.,** *et al.*                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a breach of contract case. Plaintiff claims that Defendants breached a Settlement Agreement [1-2] that was executed on January 27, 2010. According to an invoice [1-3] Plaintiff attached to his Complaint, Defendants first defaulted on their obligations in May 2010, and they have continued to miss scheduled payments ever since. Defendants filed a Motion to Dismiss [4], arguing that Plaintiff's claim is barred by the applicable statute of limitations. For reasons provided below, the Court **denies** Defendant's motion.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do."

*PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to rase some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2006). Claims for breach of a written contract are generally subject to a three-year statute of limitations in Mississippi. *Levens v. Campbell*, 733 So. 2d 753, 758 (Miss. 1999) (citing MISS. CODE ANN. § 15-1-49).

Plaintiff argues that Defendants failed to make payments – and, therefore, breached the contract – within the past three years. Indeed, the invoice [1-3] attached to the Complaint indicates that Defendants have missed every scheduled payment since 2010, including a payment due as recently as December 2015. Both the Fifth Circuit and this Court have accepted an argument of "continuing breach" and rejected a statute of limitations of defense. *See Merchants & Marine Bank v. Douglas-Guardian Warehouse Corp.*, 801 F.2d 742, 745 (5th Cir. 1986); *Howard v. Citimortgage, Inc.*, No. 1:13-CV-543-KS-MTP, 2014 U.S. Dist. LEXIS 167842, at *16-*17 (S.D. Miss. Dec. 2, 2014); *Singing River Elec. Power Ass'n v. Bellsouth Telecomms.*, No. 1:10-CV-486-LG-RHW, 2011 U.S. Dist. LEXIS 124113, 2011 WL 5082235, at *7 (S.D. Miss. Oct. 26, 2011). The Court finds that the facts asserted within Plaintiff's Complaint [1] and its accompanying documents [1-2, 1-3], liberally construed and accepted as true, are

sufficient to state a claim of continuing breach. Therefore, the Court **denies** Defendant's Motion to Dismiss [4].

SO ORDERED AND ADJUDGED, on this, the 24th day of March, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE